UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENDRICK HARRIS,                  )
                                  )
            Plaintiff,            )
                                  )
        v.                        )   No. 4:07CV965(CEJ)
                                  )
FOREST PARK HOSPITAL, et al.,     )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Kendrick Harris for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Forest Park Hospital, Forest Park Hospital Security John Does 1-6, St. Louis Police Department/Sublett station, John Doe Sergeant, John Doe Police Officer #1, John Doe Police Officer #2, St. Louis City Justice Center Processing. Unknown Collins, Unknown Sims, Unknown Hill, St. Louis City Justice Center Medical, Unknown Smith.

Plaintiff alleges that on or about April 17, 2007, he was handcuffed and detained by members of the Forest Park Hospital Security team after he had come to the hospital for emergency treatment. Plaintiff further alleges that he was then falsely arrested by members of the St. Louis City Police Department and detained at the SLCJC. While detained at SLCJC, plaintiff asserts

that he sought, but was denied, medical treatment for a lump in his head that caused him headaches, infection, dizziness, and itching. Plaintiff further alleges that he was denied prescription medication that he had obtained from the hospital's emergency room

Discussion

Plaintiff's claims against defendants John Doe Sergeant, John Doe Police Officer #1, and John Doe Police Officer #2 regarding false arrest survive review under § 1915(e)(2)(B) and cannot be dismissed as frivolous. Additionally, plaintiff's claims against defendants Unknown Collins, Unknown Sims, and Unknown Hill regarding the denial of adequate medical care for his medical needs survive review under § 1915(e)(2)(B) and will not be dismissed as frivolous.

Plaintiff's claims against Forest Park Hospital and Forest Park Hospital Security John Does 1-6, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Only state actors can be held liable under 42 U.S.C. § 1983. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). While private security guards who act jointly with the police may be considered to be state actors, Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-59 (8th Cir. 1989), plaintiff has alleged no facts indicating or suggesting that the Forest Park Hospital Security John Does were acting in such close coordination with the police so as to make them state actors. Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d at 855. Accordingly, plaintiff's claims against Forest Park Hospital and Forest Park Hospital Security John Does

should be dismissed.

Plaintiff's claims against St. Louis Police Department/Sublett Station, St. Louis City Justice Center Processing, St. Louis City Justice Center Medical, and Unknown Smith should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2(B). The complaint fails to allege how these defendants are directly and personally responsible for the events that allegedly caused his injuries. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis [Doc. #2] is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Forest Park Hospital, Forest Park Hospital Security John Does 1-6, St. Louis Police Department/Sublett Station, St. Louis City Justice Center Processing, St. Louis City Justice Center Medical, and Unknown Smith because the claims against these defendants are legally frivolous or fail to state a claim upon

which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Collins, Unknown Sims, and Unknown Hill at the St. Louis City Justice Center.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this memorandum and order, plaintiff shall provide to the Court, in writing, the real names and service of process addresses for defendants John Doe Sergeant, John Doe Police Officer #1, and John Doe Police Officer #2.

**IT IS FURTHER ORDERED** that if plaintiff fails to provide the names and addresses of the "Doe" defendants within the time specified, then plaintiff's claims against these defendants will be dismissed, without prejudice.

An appropriate order shall accompany this memorandum and order.

Dated this 28th day of September, 2007.

_____
**UNITED STATES DISTRICT JUDGE**